THE UNION PACIFIC RAILWAY COMPANY v. J. B. HUTCH-
INSON.—SAME v. MARY E. HUTCHINSON.

RAILROAD CROSSING—*Horses Injured*—*No Recovery, When.*    A person who undertakes to drive a team of horses attached to a wagon across a railroad crossing, immediately in front of an engine that had temporarily stopped on the crossing, making the usual noises by the escaping steam, and who knows and appreciates the danger, cannot recover for injuries inflicted by the frightened team.

*Error from McPherson District Court.*

TWO ACTIONS, one by *J. B. Hutchinson* and the other by his wife *Mary E. Hutchinson,* to recover damages for injuries received by them, caused by their team of horses becoming frightened at an engine of the plaintiff in error, in the city of McPherson, Kansas, on the 19th day of September, 1885.    By agreement the two cases were tried together at the April term, 1886.    Judgment was rendered against the Union Pacific Railway Company in favor of J. B. Hutchinson for the sum of one hundred dollars, and in favor of Mary E. Hutchinson for fifteen hundred dollars.

The railway company asked for a judgment upon the special findings in the case of J. B. Hutchinson, and in the case of Mary E. Hutchinson for judgment, or if that was denied it, for a new trial, for various errors of law occurring at the

trial — all of which were denied. The defendant brings the case here.

*A. L. Williams, Charles Monroe,* and *L. S. Wilson,* for plaintiff in error.

*John D. Milliken,* for defendant in error.

Opinion by SIMPSON, C.: Hutchinson commenced his action in the McPherson district court to recover against the railway company damages for injuries received by him, caused by his team of horses becoming frightened at an engine of the company standing on a part of a crossing of a public street of the city of McPherson. The material allegations of the petition are as follows:

"That on the aforesaid date the plaintiff was going along the public road from his residence to the city of McPherson with his team and buggy, in which buggy were himself, wife, and four children; that the said defendant at that time, by its agents, servants and employés, carelessly, negligently and improperly placed and permitted to remain upon its said railway a locomotive so close to where the said public road crosses the said railway as to make it almost an impossibility to cross the said highway, and caused said locomotive to steam, and hiss, and sizzle, and smoke; and by reason of all of said negligent and wrongful conduct, and without any fault of the plaintiff, thereby caused the plaintiff's team to run away, and throw plaintiff and his aforesaid family out of said buggy."

The answer of the railway company charged contributory negligence on the part of the plaintiff.

At the trial the court charged the jury in the eleventh instruction, as follows:

"If the plaintiff, seeing the danger of crossing, and being able to appreciate the danger, undertook to cross when he easily might have avoided the danger, he should have avoided the danger even if it necessitated a return to his home. No emergency justifies running into a known danger."

The jury returned the following special findings:

"1. How wide was the street on which engine 311 stood? *Ans.:* 100 feet.

"2. How much of the street was occupied by the engine? A. About 35 feet.

"3. Was there room for teams to pass? A. Yes.

"4. How long had the engine been there when the plaintiffs came up? A. From five to ten minutes.

"5. Did the engine make any unusual noise; that is, any noise different from that generally made by engines when standing still? A. No.

"6. What is the distance between the main line and the switch where the engine stood? A. From 27 to 30 feet.

"7. Were the plaintiffs in a situation to know whether or not it was dangerous to cross? A. Yes.

"8. Did they think it was dangerous? A. To a certain extent.

"9. Was the switch track so full of cars that the engine could not back farther south? A. No; we think not.

"10. For what purpose did engine 311 back up? A. To make a coupling, and oil engine.

"11. Did it couple onto the circus cars? A. Yes.

"12. How long did the engine stand at the point it backed up to? A. Don't know.

"13. What was the number of the engine which stood on the switch at the road-crossing? A. 311.

"14. Was the crossing immediately north of the one at which the accident occurred, blocked by an engine at the time of the accident? A. No."

The jury found a verdict for Hutchinson for $100. There was a motion made by the railway company for judgment on the special findings, and this was overruled and excepted to; and this ruling is the only assignment of error insisted on here.

It must be conceded that it was the duty of the trial court to sustain the motion for judgment on the special findings, as the jury had found the exact state of facts that they were told in the eleventh instruction constituted contributory negligence on the part of the injured plaintiff, and saved the railway company from liability; and this duty of the trial court should have been performed even if there had been some doubt as to the correctness of the instruction. The law, however, was correctly stated in the instruction, and its application to the facts as found by the jury cannot result in any other manner

than in a judgment for the railway company. The engine was upon the crossing, the defendant in error saw it, and appreciated the danger, but seeing and appreciating it, he voluntarily assumed the risk, and must suffer the consequences. He could easily have avoided the danger, either by standing where he stopped until the engine moved away, or by crossing at the next street, but instead of doing either, he deliberately calculated his chances and took the risk. The facts establish such contributory negligence on the part of Hutchinson, as to bar his recovery against the railway company. On the special findings the legal conclusion is irresistible.

It is recommended that the judgment be reversed, and the cause remanded to the district court, with instructions to sustain the motion for judgment for the railway company on the special findings of the jury.

By the Court: It is so ordered.

All the Justices concurring.